**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

IN RE: THE LINEAGE AND TRUST-RES OF MARY OLLIE GOODWAY
_________________________________/

Case No. 5:26-cv-175-MW-MJF

# REPORT AND RECOMMENDATION

Because Petitioner has not carried his burden of demonstrating that the District Court can exercise subject-matter jurisdiction, the District Court should dismiss this civil action without prejudice.

## BACKGROUND

On June 26, 2026, Charles Dillingham petitioned the District Court to administer the estate of decedent Mary Ollie Goodway. Dillingham requested administration of property including: (1) real property located at 1907 Arthur Avenue, Panama City, Florida, and (2) "[p]ossible federal obligations, including United States Savings Bonds, the nature and extent of which are presently unknown." Doc. 1 at 2, 6.

Dillingham, however, did not allege any basis for the District Court to exercise subject-matter jurisdiction. *See generally* Doc. 1. Accordingly, the undersigned ordered Petitioner to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Doc. 4 at 1–2. The

undersigned warned Petitioner that failure to comply likely would result in dismissal of this case for lack of subject-matter jurisdiction. Doc. 4 at 2.

In subsequent pleadings, Petitioner alleged the District Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331. Doc. 7 at 1–2; Doc. 8 at 1–2; Doc. 10 at 1–4. Petitioner alleges a federal question exists because decedent's estate *may include* "[p]ossible United States Series EE Savings Bonds" that "are governed exclusively by federal regulations, including 31 C.F.R. § 353.70." Doc. 7 at 1–2; Doc. 8 at 1–2; *see* Doc. 10 at 1, 3.

## DISCUSSION

District courts have subject-matter jurisdiction of "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1331, "jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). The party who initiates a civil action has the burden of demonstrating that the district court may exercise

subject-matter jurisdiction over the matter. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936); *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155–56 (11th Cir. 2024). "The well-pleaded complaint rule means that a federal question is 'presented' when the complaint—on its face—invokes federal law as the basis for relief." *Schleider*, 121 F.4th at 156.

Petitioner has not identified any basis for the District Court to exercise subject-matter jurisdiction over this civil action. Petitioner asks the District Court to administer the estate of Mary Ollie Goodway, who is deceased. But federal courts lack subject-matter jurisdiction "over state probate matters" including "the administration of a decedent's estate." *Fisher v. PNC Bank, N.A.*, 2 F.4th 1352, 1356 (11th Cir. 2021); *see generally Marshall v. Marshall*, 547 U.S. 293, 299 (2006). As the

Supreme Court has stated plainly, "a federal court has no jurisdiction to probate a will or administer an estate . . . ." *Markham v. Allen*, 326 U.S. 490, 494 (1946).

Regardless of this "probate exception," Petitioner has not presented a federal question insofar as his pleadings do not demonstrate that any federal law creates a relevant cause of action or provides the relief petitioner seeks. True, Petitioner contends that a federal question exists based on 31 C.F.R. § 353.70. That provision is a Treasury Department regulation that governs the ownership of U.S. savings bonds "where one or both of the persons named on a bond have died without the bond having been surrendered for payment or reissue." But § 353.70 says nothing about creating a federal cause of action for estates that include U.S. savings bonds. This provision also says nothing about bestowing subject-matter jurisdiction on federal courts to adjudicate probate matters involving estates whose assets include U.S. savings bonds.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider," not administrative agencies. *Bowles v. Russell*, 551 U.S. 205, 212 (2007). So even if § 353.70 purported to vest the District Court with subject-matter jurisdiction, the U.S.

Department of the Treasury lacks the authority to bestow subject-matter jurisdiction.

Furthermore, even if the Treasury Department could bestow subject-matter jurisdiction, and even if § 353.70 could be construed as both creating a federal cause of action and bestowing jurisdiction on district courts, this would not help Petitioner carry his burden of demonstrating that the District Court possesses subject-matter jurisdiction in this case, because Petitioner alleges only that there is *a possibility* that Mary Ollie Goodway's estate includes U.S. savings bonds. *See generally* Doc. 1; Doc. 7; Doc. 8; Doc. 10. Such speculation is insufficient to establish subject-matter jurisdiction or even to state a claim. *See Murthy v. Missouri*, 603 U.S. 43, 75 (2024); *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985); *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982).

For all of these reasons, Petitioner has not demonstrated that the District Court possesses subject-matter jurisdiction to administer a probate estate that *may or may not* include U.S. savings bonds.

Finally, it is worth noting that this is not Petitioner's first attempt to litigate probate matters in a federal court. *See Dillingham v. Est. of*

*Edward Earl Goodway Jr.*, No. 5:26-cv-52-TKW-MJF (N.D. Fla.). In *Dillingham v. Est. of Edward Earl Goodway Jr.*, Petitioner voluntarily dismissed the action when the undersigned ordered him to demonstrate that the district court possessed subject-matter jurisdiction. Petitioner, therefore, is well aware of the jurisdictional insufficiency of this action. If Petitioner continues to file frivolous actions clearly outside the subject-matter jurisdiction of federal courts, the District Court can and should impose sanctions on Petitioner.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice for lack of subject-matter jurisdiction.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 21st day of September 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive**

**matters. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**